NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONALD JOSEPH WALTER, *Appellant.*

No. 1 CA-CR 20-0063
FILED 8-10-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-122194-001
The Honorable Julie Ashworth LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop[1] joined.

**S W A N N**, Judge:

¶1          Donald Joseph Walter appeals from his convictions of two counts of aggravated driving while under the influence of intoxicating liquor ("aggravated DUI") and the resulting imposition of probation. Walter's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel identified no arguable question of law that was not frivolous.  Walter was given the opportunity to file a supplemental brief *in propria persona* but did not do so.  Counsel now asks this court to search the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Walter's convictions and the resulting probation.

## FACTS AND PROCEDURAL HISTORY

¶2          A grand jury indicted Walter on two counts of aggravated DUI.  The state alleged that Walter violated A.R.S. §§ 28-1381(A)(1)–(2) and -1383(A)(3)(a) by driving a vehicle with a passenger under 15 years of age while under the influence of alcohol that caused him to be impaired to the slightest degree and to have a blood alcohol concentration ("BAC") of 0.08 or more within two hours of driving.

¶3          At trial, the state presented evidence establishing the following facts.  Mesa Police Officer Davison was patrolling a highway one

---

[1]          Judge Lawrence F. Winthrop was a sitting member of this court when the matter was assigned to this panel.  He retired effective June 30, 2021.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Winthrop as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

evening in May 2018 when he came across a disabled truck on an exit ramp. The officer parked his patrol car behind the truck and saw Walter sitting in the driver's seat. Walter's eight-year-old son was also in the truck. Walter stumbled as he got out of his truck, and Officer Davison noticed that Walter's speech was slurred.

¶4        Arizona Department of Public Safety Troopers Johnson and Gardner soon arrived to take over the investigation. Trooper Johnson noted that Walter displayed signs and symptoms consistent with alcohol impairment, including bloodshot watery eyes and a very strong odor of alcohol. Trooper Gardner administered field sobriety tests. Walter's performance on those tests indicated alcohol impairment.

¶5        Trooper Gardner arrested Walter and drove him to a DUI van. Walter consented to a blood test, which a qualified phlebotomist performed. Blood analysis revealed that Walter's BAC was 0.187. A forensic scientist testified that according to the relevant scientific consensus, "anybody whose alcohol concentration is above a [0.08] is impaired for the task of operating a motor vehicle."

¶6        After the state rested, the superior court denied Walter's motion for judgments of acquittal. Walter did not present any evidence in his defense. The jury convicted Walter as charged.

¶7        At sentencing, the superior court entered judgment on the verdicts, suspended the imposition of sentence, and placed Walter on two concurrent two-year terms of supervised probation. The court imposed several fines and fees as conditions of Walter's probation. The court further ordered Walter to serve ten days in jail but awarded him one day of presentence incarceration credit and suspended the remaining nine days, which could be deleted upon Walter's completion of a substance abuse program.

**DISCUSSION**

¶8        We detect no fundamental error. The record demonstrates that the superior court afforded Walter all his constitutional and statutory rights, and that the proceedings complied with the Arizona Rules of Criminal Procedure. Walter was present and represented by counsel at all stages of the proceedings, the jury was properly comprised and instructed, and the record shows no evidence of juror or prosecutorial misconduct. The jury returned unanimous verdicts, confirmed by juror polling.

¶9        The evidence sufficiently supported the jury's verdicts—the evidence established that Walter, accompanied by an eight-year-old child, drove a truck while impaired beyond the slightest degree with a BAC of more than 0.08.  *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(3).  At sentencing, the superior court considered a presentence report, gave Walter an opportunity to speak, and stated on the record the evidence and factors it considered in suspending the imposition of sentence.  *See* Ariz. R. Crim. P. ("Rule") 26.9, 26.10.   The terms and conditions of probation were authorized by statute and imposed in a lawful manner.  *See* A.R.S. §§ 13-901, -902(A)(3); A.R.S. § 28-1381, -1383.

**CONCLUSION**

¶10        We affirm Walter's convictions and probation.   Defense counsel's obligations pertaining to this appeal have come to an end.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Defense counsel must only inform Walter of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *Id.*  Walter has 30 days from the date of this decision to proceed with a petition for review *in propria persona*.  Rule 31.21(b)(2)(A).  Upon the court's own motion, Walter has 30 days from the date of this decision to file a motion for reconsideration.  *See* Rule 31.20(c). A timely motion for reconsideration will extend the deadline to file a petition for review.  *See* Rule 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:    AA